FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 DEC 16 PM 1:54
CLERK_____
SO. DIS____

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| THEODORE STEENWERTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 319-073 |
| | ) | |
| ANDREW M. SAUL, Commissioner of | ) | |
| Social Security; POUGHKEEPSIE, NY | ) | |
| SOCIAL SECURITY; PEEKSKILL | ) | |
| SOCIAL SECURITY; LEWIS B. INSLER; | ) | |
| and JAMAICA QUEENS, NY SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 8.) The Magistrate Judge recommended dismissing the case without prejudice because Plaintiff failed to return the required paperwork to proceed *in forma pauperis* ("IFP") or to submit an amended complaint as required by the Court's September 30, 2019 Order. (See doc. nos. 4, 5.) In response, Plaintiff submitted objections, an amended complaint, but not the IFP paperwork, and a document titled "Declaration for Entry of Default." (Doc. nos. 7-9.) Taken together, Plaintiff argues his case should not be dismissed because the business office at Johnson State Prison ("JSP") did not return to him the Prisoner Trust Fund Account Statement he provided, he is entitled to Social Security benefits which were reduced and/or

completely taken away years ago, and the medical department and his unit manager at JSP are treating him improperly.

Nothing Plaintiff has filed changes the conclusion his case should be dismissed. The Court recognizes Plaintiff has now submitted an amended complaint, and therefore the recommendation for dismissal based on failing to submit that document is no longer appropriate. However, the case is subject to dismissal because Plaintiff has not provided the requisite IFP paperwork. Even if the Court were to accept Plaintiff's explanation that the JSP business office refuses to return the Trust Fund Account Statement, there is no reason provided why he has not returned the Consent to Collection of Fees form, which requires only his signature. As the Magistrate Judge explained, "Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to collection of the entire $350.00 filing fee in installments." (Doc. no. 5, p. 2 (citations omitted).)

Moreover, to the extent the amended complaint suggests Plaintiff's Social Security benefits were improperly suspended during his incarceration, the Eleventh Circuit has determined such a suspension is constitutional. See Andujar v. Bowen, 802 F.2d 404, 405 (11th Cir. 1986) (*per curiam*). If Plaintiff is attempting to challenge the merits of a particular administrative decision that reduced his Social Security benefits prior to incarceration, he has not identified the decision or any alleged errors in such a decision. Even if he had, 42 U.S.C. § 405(g), the statute outlining the basis for judicial review in Social Security matters, sets forth three prerequisites for judicial review: (1) a final decision made by the Commissioner after a hearing, (2) the commencement of a civil action within sixty days of the mailing of notice of the Commissioner's decision to the claimant (or within such additional time as the

2

Commissioner allows), and (3) the filing of a civil action in an appropriate district court. Weinberger v. Salfi, 422 U.S. 749, 763-64 (1975).

The amended complaint alleges problems with Plaintiff's Social Security benefits dating back years and provides no details suggesting he received an administrative decision within sixty days prior to filing the current lawsuit. Plaintiff does not contend the Commissioner granted him an extension for filing his civil action, even if it were considered a challenge to the final administrative decision of the Commissioner of the Social Security Administration. Nor has Plaintiff offered any basis upon which the statutory period may be equitably tolled. See Jackson v. Astrue, 506 F.3d 1349, 1353 (11th Cir. 2007). In order to justify an untimely filing, a claimant must show "extraordinary circumstances." Id. That standard may be met where, for instance, "the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovering the wrong perpetrated against [him]. . . ." Id. (citing Waller v. Comm'r of Soc. Sec., 168 F. App'x 919, 922 (11th Cir. 2006) (*per curiam*)). Here, Plaintiff has not demonstrated any circumstances, extraordinary or otherwise, that would justify the untimeliness of his filing and allow for equitable tolling.

Finally, to the extent Plaintiff complains about allegedly improper treatment by the medical department and his unit manager at JSP in his objections and "Declaration for Entry of Default," none of the individuals about whom he complains are named as Defendants, and the amended complaint seeks relief only for alleged problems with Social Security benefits, not Plaintiff's conditions of confinement. (Doc. no. 7, p. 5.) If Plaintiff wishes to challenge

3

his conditions of confinement, nothing in this Order prevents him from filing a new civil action, subject to all standard requirements of the Prison Litigation Reform Act.

Accordingly, the Court **OVERRULES** all objections,[1] **ADOPTS** the Report and Recommendation of the Magistrate Judge as modified herein as its opinion, **DISMISSES** this case without prejudice, and **CLOSES** this civil action.

SO ORDERED this 16th day of December, 2019, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The Court has liberally construed Plaintiff's submissions after the Report and Recommendation as objections to dismissal. To the extent the Clerk of Court docketed the "Declaration for Entry of Default" as a motion, it is **DENIED**. (Doc. no. 9.)

4